[No. 20238. In Bank. — February 25, 1887.]

THE PEOPLE, RESPONDENT, *v.* HARRY HUFF, APPELLANT.

CRIMINAL LAW — MURDER — VIEW OF LOCUS IN QUO — PRESUMPTION OF REGULARITY. — In a prosecution for murder, the minutes of the court embodied in the transcript recited that during the progress of the trial the defendant and the jurors went in charge of a sworn officer to inspect the premises where the crime was committed, and subsequently returning into court, the names of the jurors were called, and all answered thereto. *Held,* that it would be presumed, in the absence of a showing to the contrary, that the officer was the sheriff or his deputy; that the premises were shown to the jury by a person appointed by the court for that purpose; and that the counsel of the defendant and the judge were present at the view.

ID. — VERDICT — RECOMMENDATION TO MERCY — EXCESSIVE PUNISHMENT. — The defendant was convicted of murder in the second degree, and recommended to the mercy of the court, who sentenced him to imprisonment for life. *Held,* that the judgment could not be reversed on the ground that the punishment was excessive.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Lyman I. Mowry, W. W. Foote, and T. C. Coogan,* for Appellant.

The record should have affirmatively shown that the view of the place of the homicide was had in the presence of the court and the defendant's counsel. (*People*

v. *Bush,* 68 Cal. 623; *State* v. *Bertin,* 24 La. Ann. 47; *Benton* v. *State,* 30 Ark. 328.)    The right of the defendant to appear in person and with counsel was constitutional, and could not be waived.    (*Cancemi* v. *People,* 18 N. Y. 128; *Wilson* v. *State,* 16 Ark. 601; *Dempsey* v. *People,* 47 Ill. 325; *Brown* v. *State,* 16 Ind. 495; *Burley* v. *State,* 1 Nev. 385.)

*Attorney-General Johnson,* for Respondent.

In the absence of a showing to the contrary, it will be presumed that the defendant and his counsel were present at the view.    (*People* v. *Williams,* 45 Cal. 25.)

BELCHER, C. C.—The defendant was accused of the crime of murder committed in the city and county of San Francisco.    At the trial it was admitted that he committed the homicide charged by shooting the deceased with a pistol, but it was claimed that the killing was justifiable, or, at most, amounted only to manslaughter.    He was, however, convicted of murder in the second degree, and sentenced to imprisonment for life.    He moved for a new trial upon all of the statutory grounds, and now prosecutes this appeal from the judgment and order denying his motion.

During the progress of the trial, and after several witnesses had been examined for the prosecution, the minutes of the court, as kept by the clerk, show that, "thereupon the defendant and the jurors go, in charge of a sworn officer, to inspect the premises where the crime was committed, and subsequently returning into court, their names were called, and all answered to their names."

Nothing else in reference to this matter is found in the transcript, but it is claimed that error should be presumed, because it does not appear that the "sworn officer" in charge of the jury was the sheriff, or that the place where the offense was charged to have been com-

mitted was shown to the jury by a person appointed by the court for that purpose, or that the defendant's counsel and the judge of the court were present.

The settled rule is, that error is not to be presumed, but must affirmatively appear in the record, and all omissions and uncertainties in a bill of exceptions are to be construed against the party presenting it. (*People* v. *Williams*, 45 Cal. 25.)

It will be presumed, therefore, in the absence of a showing to the contrary, that the sworn officer who accompanied the jury was the sheriff or his deputy; that the place which the jury was sent out to view was properly shown to them by a person appointed by the court for that purpose, and that, if need be, the counsel and judge were present.

No instructions appear to have been asked on either side, but the court charged the jury at length in reference to murder in both degrees, manslaughter and justifiable homicide. Counsel for defendant excepted to sundry portions of the charge, and now assigns them as errors.

After carefully reading the whole charge, we fail to see how it could have misled the jury. Detached passages are open to criticism, but as a whole, we think it stated the law of the case fairly and correctly.

The jury, by their verdict, recommended the defendant to the mercy of the court, and yet he was sentenced to undergo imprisonment for life. It may be that his punishment is more severe than it ought to have been under the circumstances disclosed by the evidence; but we cannot reverse the judgment for that reason. That is a matter which can only be considered by the governor in case of an application for commutation of sentence or pardon.

No other grounds for reversal being called to our attention, the judgment and order should be affirmed.

SEARLS, C., concurred.

The COURT. —For the reasons given in the foregoing opinion, the judgment and order are affirmed.