[No. 20843.   In Bank. — May 6, 1891.]

EX PARTE FRANK MILLER, ON HABEAS CORPUS.

89   41
112  421

HABEAS CORPUS — REASONABLENESS OF MUNICIPAL ORDINANCE — PROFANE AND OBSCENE LANGUAGE. — If cases can be conceived of in which the extreme penalty imposed by a municipal ordinance for the offense of uttering profane and obscene language in the presence of other persons, having a tendency to create a breach of the peace, would not be unreasonable, the ordinance is not void, and the question whether the offense in any particular case is sufficient to justify such punishment is for the trial court to determine, and cannot be determined upon *habeas corpus*.

APPLICATION to the Supreme Court for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*J. A. Spinnetti,* for Petitioner.

The Court. — The petitioner sets forth " that he is held under a warrant of arrest issued by the police court of the city and county of San Francisco, upon a complaint charging him with uttering, etc., profane and obscene language, and words and language having a tendency to create a breach of the peace, in violation of section 28, order 1587, of the board of supervisors of said city and county of San Francisco," and alleges as a reason for the issuance of the writ, " that said ordinance is null and void, as the penalty imposed for its violation by section 1 thereof is a fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or both, which is unreasonable, and renders the ordinance void."

We can conceive of many cases in which a fine of one thousand dollars and an imprisonment for the term of six months would not be an unreasonable punishment for the uttering of profane and obscene language in the presence of other persons. Whether the offense in any particular case is sufficient to justify such punishment must be determined by the court before whom the offense is tried.

The application for the writ is denied.