[Crim. No. 849. First Appellate District, Division One.—August 14, 1919.]

## In the Matter of the Application of ANTONE AZEVEDO for a Writ of Hábeas Corpus.

[1] CRIMINAL LAW—MURDER—FINDING AND RECOMMENDATION OF JURY —SENTENCE—POWER OF COURT.—In a prosecution for murder, the jury having found the defendant guilty of murder in the second degree, but having recommended him to the mercy of the court, the trial court has the power to impose upon the defendant a sentence of imprisonment in the state prison for the period of his natural life.

[2] ID.—STATEMENT OF COURT IN IMPOSING SENTENCE—MERE OPINION AS TO MERITS.—In such case, the language of the judge in passing sentence that "I see no way out of it, . . . except to punish you by imprisonment for the crime of murder, not of the second degree, but of the first degree, and it is therefore the judgment of the court . . . that you be taken hence and confined in the state prison . . . for the period of your natural life," amounts to no more than a declaration, that, in his opinion, based on the evidence in the case, the defendant merits punishment equal to that fixed for murder in the first degree.

[3] ID.—PUNISHMENT TOO SEVERE—CONSIDERATION OF PLEA.—A plea that the punishment imposed is more severe than it ought to have been can only be considered by the proper authorities in the case of an application for commutation of sentence, parole, or pardon.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal. Denied.

A. Q. Lomba for Petitioner.

WASTE, P. J.—The petition on behalf of Antone Azevedo for a writ of *habeas corpus* discloses that he is now confined in the state prison at San Quentin, having been convicted of murder in the second degree. But one point is raised by the application.

The jury, by their verdict, found the defendant guilty of murder in the second degree, and recommended the defendant to the mercy of the court, yet he was sentenced to undergo imprisonment for life. In pronouncing sentence the trial court, after a review of the testimony, said to the prisoner: "I see no way out of it, Azevedo, except to punish

you by imprisonment for the crime of murder, not of the second degree, but of the first degree, and it is therefore the judgment of the court, Azevedo, that you be taken hence and confined in the state prison at San Quentin for the period of your natural life.'' The point made by the petitioner is that the court exceeded its jurisdiction, and in reality sentenced the defendant for murder in the first degree.

There is no merit in the contention. ''Every person guilty of murder in the second degree is punishable by imprisonment in the state prison not less than ten years.'' (Pen. Code, sec. 190.) [1] It was, therefore, within the power of the trial court to impose, upon defendant, the punishment pronounced. All the proceedings were in due and proper form. The commitment recites that ''whereas said Antone Azevedo has been duly convicted in this court of the crime of murder in the second degree, it is therefore ordered, adjudged and decreed that said Antone Azevedo be imprisoned in the state prison of the state of California for the term of his natural life as a punishment in said case.''

[2] The language of the judge, in passing sentence, amounted to no more than a declaration that in his opinion, based on the evidence in the case, which he had just reviewed, and which related to the killing of defendant's wife, the defendant merited punishment equal to that fixed for murder in the first degree.

[3] The defendant's complaint amounts only to a counter-plea that his punishment is more severe than it ought to have been. That is a matter which can only be considered by the proper authorities in the case of an application for commutation of sentence, parole, or pardon. (*People* v. *Huff*, 72 Cal. 117–119, [13 Pac. 168].)

The application for the writ is denied.

Bardin, J., *pro tem.*, and Richards, J., concurred.