[Crim. No. 1599. First Appellate District, Division Two.—September 26, 1930.]

In the Matter of the Application of GEORGE RYLEY for a Writ of Habeas Corpus.

Ernest Spagnoli and Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—Petitioner ·seeks his release on *habeas corpus* upon the grounds that he was tried under the provisions of section 1026 of the Penal Code, which section he claims to be unconstitutional.

Petitioner's attack on the Penal Code section is made upon the same grounds which were urged in *Application of Boyd, ante,* p. 541 [291 Pac. 845], and for the reasons therein stated, we must hold that the attack is without merit.

In this proceeding the attorney-general has raised a point which was not briefed in the Boyd case, but which should be determined here as it goes directly to the right of petitioner to prosecute this proceeding. The point is that the questions raised by petitioner cannot be considered in *habeas corpus* because petitioner had his remedy on appeal from the judgment. The petitioner was convicted of the crime of murder in the first degree without recommendation and was sentenced to suffer the death penalty. He appealed from this judgment to the Supreme Court and the judgment was affirmed. (*People* v. *Gomez,* 209 Cal. 296 [286 Pac. 998].)

In the early case of *Ex parte Max,* 44 Cal. 579, 581, it was held that where the indictment is sufficient and the offense of which the defendant was convicted was within the scope of the indictment, and the judgment was one which the court had authority to make upon the appearance and plea of the defendant, the jurisdiction of the court was present and any inquiries directed to other conditions involved

were error which could not be reviewed on *habeas corpus*. In *Ex parte Long*, 114 Cal. 159 [45 Pac. 1057], it was said: "Where the complaint states facts which constitute an offense which the court has jurisdiction to try and punish, and the judgment is regular on its face, there is no authority on *habeas corpus* to look beyond these and say whether that jurisdiction has been in all respects regularly pursued."

Here the attack, which is made after an appeal has been determined, is directed solely to matters of procedure in the course of a trial of which the court is conceded to have had full jurisdiction. If, therefore, we should find that the trial court had erroneously submitted the question of petitioner's sanity to the same jury at a separate hearing, or had erroneously denied him the right to produce evidence of insanity during the first hearing, these could be nothing more than error committed within the jurisdiction of the court. As such they are not available to petitioner on *habeas corpus*. (*Matter of Smith*, 161 Cal. 208 [118 Pac. 710].)

The petition is dismissed and the prisoner is remanded.

Sturtevant, J., and Spence, J., concurred.