[Crim. No. 1597. Third Appellate District.—December 10, 1937.]

In the Matter of the Application of FRANCIS C. MACKALL, for and in Behalf of E. V. NICHOLSON, for a Writ of Habeas Corpus.

Francis C. Mackall for Petitioner.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The petition in this cause alleges that one E. V. Nicholson is illegally confined and restrained of his liberty in the state prison at Folsom, Sacramento County, California, and alleges in that behalf the illegality of a certain commitment issued out of the Superior Court of the County of Riverside, State of California. The ground upon which the alleged illegality is based is that the petitioner at the time he was arraigned upon an information charging him with the crime of burglary, entered a plea of not guilty to the charge, and also, not guilty by reason of insanity, and that the judgment of the court sentencing him to the state prison at Folsom was pronounced after the verdict of the jury was rendered finding him guilty of the offense of burglary and fixing the degree therein and before his trial on the plea of not guilty by reason of insanity.

In behalf of the petition the attention of the court is called specially to the case of *People* v. *Marshall,* 99 Cal. App. 224 [278 Pac. 258], and the same case before the court on a subsequent appeal reported in 209 Cal. 540 [289 Pac. 629]. In those cases it was held that the irregularity in the pronouncing of sentence preceding the trial of the defendant on the question of insanity necessitated the remanding of the cause to the trial court for the repronouncing of sentence. Those cases, of course, were where the defendant had presented the question of irregularity upon an appeal from a judgment rendered against him where the record at the trial showed the irregularity of the proceedings.

The record of the trial in this cause, however, shows no such irregularity. The effort to establish the irregularity appears from a proceeding had in the superior court for the purpose of giving information to the board of prison terms and paroles, and not upon the trial of the defendant in whose behalf this petition was filed.

While in the case of *In re Lake,* 65 Cal. App. 420 [224 Pac. 126], it is held that for the purposes of ascertaining

whether the trial court acted within or without jurisdiction, the court may look into the evidence taken at the time of the trial. This does not authorize an appellate court to look into a statement which was taken before the trial court simply for the purpose of giving information to the board of prison terms and paroles.

We do not need to cite authorities to the effect that where the record of the trial before us is regular upon its face and shows jurisdiction, no further inquiry can be made. The petition relies upon the statement taken as aforesaid, in which appears the following: "It will be ordered at this time that the sheriff hold in custody the defendant, until after his trial, on his plea of not guilty by reason of insanity, next Thursday, the 23rd, and I will order that he be not delivered to the Warden of the State's Prison until after that date." As we have stated, this is no part of the record at the time of the trial. It is a proceeding had for a special purpose. The certified copy of the judgment before us shows only that E. V. Nicholson, at the time of his arraignment, entered only a plea of not guilty to the charge of burglary, and not that he also entered a plea of not guilty by reason of insanity. This record is regularly certified as being correct, and we cannot presume that something took place at the time of the arraignment and the entering of defendant's plea thereto, which does not appear on the record. If there was an irregularity in the trial of the defendant, and a failure to enter his plea of not guilty by reason of insanity, and the judgment was pronounced before the court had jurisdiction so to do, such facts should have been presented upon appeal, where the record would have established just what took place, and the holding of the court in the Marshall case would have been controlling upon such an appeal.

Bearing upon the same question, where it is held that such effect should be presented upon appeal, is the case of *In re Ryley,* 108 Cal. App. 544 [291 Pac. 847].

The certified record of the trial, which we may consider upon this application, being perfectly regular, and not showing that any plea was entered by the defendant Nicholson, other than the simple plea of not guilty, and that the judgment upon such plea, after verdict finding him guilty of burglary in the first degree, being in regular form, it must be held that the petitioner is not entitled either to a discharge or to

be remanded to the Superior Court of Riverside County for resentencing.

The writ is discharged and the defendant E. V. Nicholson, in whose behalf the petition herein has been filed, is remanded to the custody of the warden of the state prison at Folsom.

Pullen, P. J., and Thompson, J., concurred.