[Crim. No. 5126.   Second Dist., Div. One.   Nov. 3, 1954.]

THE PEOPLE, Respondent, v. WARREN EUGENE
BARTGES, Appellant.

Lowell Lyons for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

THE COURT—In two separate amended informations filed by the district attorney of Los Angeles County, defendant was accused of the crimes of forgery and grand theft.

The amended informations also charged that the accused previously had been convicted of arson, larceny and larceny by bailee, and grand theft.   He was tried and convicted of both crimes and judgments were entered on September 1, 1953, wherein it was stated that the allegations of prior convictions alleged in the information were true.

Defendant appealed from the judgments of conviction and from the order denying his motion for a new trial.

On July 28, 1954, this court filed its opinion affirming the judgments of the trial court finding that there was evidence, including certified copies of records of state prisons showing commitment to such institutions of someone bearing the same name as the appellant; testimony of a fingerprint expert that the fingerprints of the appellant were of the same person as

those appearing on the prison records; and his admission on cross-examination that he had been previously convicted of those crimes, to show that he had previously been convicted of the three crimes charged, and that therefore the court below did not abuse its discretion in imposing consecutive sentences or in denying probation.

The appellant did not petition for a rehearing or for a hearing in the Supreme Court.

On August 27, 1954, the appellant filed a petition for a writ of habeas corpus in the Supreme Court of California, in which he asserted the illegality of his confinement on the ground that the evidence at the trial had been insufficient to support the finding that he had been convicted three times previously, inasmuch as the district attorney had allowed the prison records as to two of them to remain for identification only; that the improper finding of three prior convictions resulted in improper imposition of consecutive sentences in the instant case; and that the trial court erroneously sustained the declination of Jameson to testify on the ground that his testimony would tend to incriminate him (*People* v. *Bartges,* 126 Cal.App.2d 763 [273 P.2d 49]).

The attorney general now advises this court that in reexamining the record on appeal he has discovered an entry which has not heretofore been called to the attention of this court by either appellant or respondent. This court was unaware of said entry until advised thereof by the attorney general on October 27, 1954. It appears on page 22, lines 16-18 of the Clerk's Transcript, and reads as follows: "Motion of the District Attorney to dismiss the second and third prior convictions as alleged in the information is granted."

It is manifest that since the trial court granted the aforesaid motion to dismiss the second and third prior convictions as alleged in the amended informations, the judgments reciting that the allegations of said prior convictions were true, were improper and void as beyond the jurisdiction of the trial court, with respect to the latter two priors, that is, larceny and larceny by bailee, and grand theft. It follows also that the language of this court appearing on page 910 of the aforesaid opinion (sixth line from the bottom of paragraph 1) and reading: ". . . the jury found the allegations of each previous conviction to be true" was erroneous, since the allegations of but one previous conviction was submitted to them.

A mistake of fact on the part of an appellate tribunal which results in prejudicial error or a miscarriage of justice

affords a proper ground for recall and correction of the remittitur (*In re Rothrock,* 14 Cal.2d 34 [92 P.2d 634]; *Isenberg* v. *Sherman,* 214 Cal. 722 [7 P.2d 1006]; *Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623 [241 P.2d 985]; *In re McGee,* 37 Cal.2d 6 [229 P.2d 780]; *Jones* v. *Evarts,* 117 Cal.App.2d 398 [255 P.2d 830]; *Davis* v. *Basalt Rock Co.,* 114 Cal.App.2d 300 [250 P.2d 254]).

▇ Under rule 25, subdivision (b), Rules on Appeal, a remittitur may be recalled by order of the reviewing court on its own motion.

▇ Since the motion to dismiss the last two prior convictions was granted by the trial court and was not brought to the attention of this court prior to rendition of its decision affirming the judgments containing a finding that all three priors charged were true, we are persuaded that such decision being inadvertently rendered under a mistake of fact entitles us to take such steps as are necessary to bring into agreement the facts and the law (*In re Rothrock, supra*).

For the foregoing reasons the remittitur heretofore issued on August 30, 1954, is recalled. There is stricken therefrom the order, "the judgment and the order denying defendant's motion for a new trial are, and each is affirmed," and for the words so stricken the following are substituted, "The judgments are modified by striking therefrom the finding of the truth of the second and third prior conviction as follows: 'Larceny and Larceny by Bailee, a felony, convicted in the Circuit Court of the State of Oregon, Marion County, on or about January 18, 1941 and served a term of imprisonment therefor in the State Prison and Grand Theft, a felony, convicted in the Superior Court of the State of Arizona, Pima County, on or about July 21, 1949 and served a term of imprisonment therefor in the State Prison,' and as so modified the judgment and order are affirmed."