[Crim. No. 7739.   Second Dist., Div. Four.   May 11, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH GRANT, JR., Defendant and Appellant.

Joseph Grant, Jr., in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County defendant was charged in two counts with petty theft after a prior conviction of a felony (burglary) in violation of Penal Code section 667. The information also charged defendant with a previous conviction of attempted robbery, a felony.

Defendant pleaded not guilty and denied the prior conviction of attempted robbery, trial was by the court, trial by jury having been duly waived by defendant and all counsel. The cause, pursuant to stipulation of defendant and counsel, was submitted to the court on the testimony contained in the transcript of the proceeding had at the preliminary hearing, and both sides reserved the right to introduce additional testimony.

At the commencement of the trial the judge directed that the record indicate that pursuant to the stipulation he had read and considered the testimony taken at the preliminary hearing. Additional evidence offered at the trial consisted of the testimony of defendant.

The judge found defendant guilty and ordered a probation report. A second judge denied probation and pronounced sentence as follows:

"Whereas, the said defendant having been duly found guilty in this court of the crime of PETTY THEFT WITH A PRIOR CONVICTION OF BURGLARY (Sec. 667 PC), a felony, as charged in each of the Counts 1 and 2 of the information; prior conviction having been found true as alleged, to wit: Attempted Robbery, a felony, Superior Court of the State of California, Los Angeles County, August 2, 1956 and served a term in the State Prison.

"It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term prescribed by law, on said counts.

"Sentences as to Counts 1 and 2 are ordered to run CONCURRENTLY with each other."

Defendant appeals "from all statutory provision." We will assume that the appeal is from the judgment pursuant to Rules on Appeal, rule 31, subdivision (b).

▇▇▇ Defendant now contends, and respondent concedes, there was no evidence introduced to support the finding of the prior conviction for attempted robbery. Thus, defendant asserts the judgment, the order denying probation and the sentence, based upon an unsupported finding of a prior conviction of a felony, are void.

In a proceeding similar to the instant case, *In re Bartges,* 44 Cal.2d 241 [282 P.2d 47], the Supreme Court remanded the defendant to the custody of the sheriff to be brought before the superior court to be rearraigned for judgment upon a record which had been amended to correctly show certain prior convictions to have been dismissed instead of found true, as had been incorrectly shown in the minutes of the superior court. The Supreme Court stated in substance that the superior court could then consider and in its discretion, grant or deny an application for probation, if requested, and, if it determined the judgments should again be pronounced, direct whether the sentences should run consecutively or concurrently. Similarly, in the case before us, the matter must be remanded to the trial court so that defendant may be rearraigned for judgment upon a corrected record striking the finding of a prior conviction of the defendant of attempted robbery.

The error of the court in the case at bar does not, however, affect the judgment that defendant is guilty of violating Penal Code section 667. Under that section it is only necessary to charge and prove one prior conviction. Since the People charged and proved one prior conviction, burglary, the requirements of section 667 of the Penal Code were satisfied.

▇▇▇ Defendant questions a purported irregularity in the substitution of judges. Although defendant was found guilty by one judge, his application for probation, and his sentence was considered by a second judge. The judge, in imposing sentence, indicated that he had read and considered the probation report and was familiar with the defendant's record. Defendant did not object to this procedure. Therefore, there

was no irregularity which would constitute a basis for reversal. (*People* v. *Privitier*, 200 Cal.App.2d 725, 730 [19 Cal.Rptr. 640].)

This court has fully reviewed the testimony contained in the transcript of the proceedings conducted at the preliminary hearing as submitted to the trial court pursuant to stipulation of defendant and counsel as well as the testimony of defendant given at the trial. The judgment of the trial court that defendant was guilty of a violation of Penal Code section 667 is supported by substantial evidence. Defendant's remaining contentions lack merit and do not warrant further discussion.

The judgment from which defendant appeals is modified by striking therefrom the recital: ". . . prior conviction having been found true as alleged, to wit: Attempted Robbery, a felony, Superior Court of the State of California, Los Angeles County, August 2, 1956, and served a term in the State Prison."

Since it cannot be assumed that the court disregarded any portion of the finding of guilt in denying probation and in fixing the term of imprisonment the case is remanded to the superior court to rearraign the defendant for judgment upon the record as amended.

Burke, P. J., and Balthis, J., concurred.