[Crim. No. 6689. Fourth Dist., Div. One. Oct. 11, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
CALVIN PERRY, Defendant and Appellant.

452

## COUNSEL

Paul Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHELAN, J.**—Calvin Perry, defendant, has appealed from a judgment imposing concurrent sentences to prison after a jury had found him guilty of possessing a sawed-off rifle (Pen. Code, § 12020) and of being in possession of a concealable firearm after he had previously been convicted of a felony (Pen. Code, § 12021). The judgment also imposed a jail sentence, execution of which was suspended, for a violation of Penal Code section 417, brandishing a firearm in a rude, angry and threatening manner.

The same jury, by two separate verdicts, found to be true the allegations of the information that defendant had been convicted of robbery in 1967 and of a violation of Penal Code section 12021 in 1971.

Defendant has not argued the evidence was insufficient to support the verdicts as to the substantive crimes charged, and the record is abundantly sufficient in that regard.

█  It appears, however, that the evidence presented to prove the allegation of a conviction in 1971 of a violation of Penal Code section 12021 showed on its face defendant had received a jail sentence of 90 days for that violation.

That evidence was a certified copy of the minutes of the superior court of June 15, 1971. The same minutes show defendant on that date pleaded guilty to the crime of unlawful possession of a firearm capable of being concealed upon the person by one previously convicted of a felony.

It is argued that the document was inadmissible to prove defendant had suffered a felony conviction in 1971, since the document indicates he received only a misdemeanor sentence. From that it is argued trial counsel should have objected to its admission, that his failure to do so was evidence of such incompetence, that by reason of it defendant was deprived of his constitutional right to counsel.

It is argued that such incompetence of trial counsel and constitutional deprivation are further evidenced because the trial judge gave this instruction among others: "The conviction of the crime of robbery and of ex-felon in possession of a concealed firearm, violations of Penal Code Sections 211 and 12021, respectively, in the State of California, are convictions of felonies."

The certified copy of the minutes could also, defendant argues, have been considered as evidence of a prior conviction of a felony to support the charge in the case under trial of a violation of section 12021. Therefore, to allow it to be received in evidence without objection was to deprive defendant of an available defense to that charge, even though there was also in evidence the record of defendant's conviction of robbery in 1967.

We are of opinion, however, that the 1971 minutes were relevant. They do not prove a conviction of a felony in 1971, but they do prove that in 1971, in his plea of guilty to a violation of Penal Code section 12021, defendant did admit in a solemn manner that he had prior thereto been convicted of a felony. The evidence was cumulative of the other evidence as to the 1967 conviction, but was not per se inadmissible.[1]

Under Evidence Code section 351, all relevant evidence is admissible except as otherwise provided by statute.

The matters at issue here were: (1) as to the substantive crime of possessing a concealable weapon, whether defendant had suffered any prior felony conviction; (2) specifically, whether in 1967 defendant had been convicted of the felony of robbery as alleged; (3) specifically, whether in

---

[1]Of course, a prior conviction, as an essential element of the crime charged, could not be proved merely by a nonjudicial admission of the defendant. (*People* v. *Carrow*, 207 Cal. 366, 369 [278 P. 857].)

1971 he had been convicted of the felony of possessing a concealable firearm after a prior felony conviction.

Proof of the affirmative of any of those controverted issues inevitably would require introduction of evidence of defendant's criminal record, and inevitably, could be said to be prejudicial to him.

Proof was lacking that the 1971 conviction stood as a felony, but the evidence received showed the misdemeanor sentence which might have been less prejudicial than had it shown a felony sentence. Since it was relevant to show, by defendant's 1971 plea of guilty to a section 12021 violation, that he had a felony conviction prior to that date, the possible prejudice may be weighed against the relevancy of the evidence for the purpose mentioned. We think the only prejudice was that resulting from the jury's true finding as to the allegation of the 1971 conviction of a felony. We order that finding set aside, and hold there is no reasonable ground to believe the findings of guilt as to the substantive crimes and as to the truth of the allegation of the 1967 conviction, have been prejudicially affected thereby.

The unquestioned evidence of defendant's guilt as to the substantive crimes, given he had suffered a prior felony conviction, was uncontroverted by any evidence whatsover, except the presumption of innocence. In addition, since the evidence of the 1967 conviction was not questioned in the trial, it is impossible to see that defendant was denied a fair trial as to those issues as the result of the introduction of the minutes of the 1971 conviction.

Since it was necessary to prove only one prior conviction, the error in finding there was a felony conviction in 1971 does not impair the validity of the verdict of guilty of the substantive charge. (*People* v. *Grant*, 203 Cal.App.2d 495, 497 [21 Cal.Rptr. 614].)

The trial court had the duty to inform the jury whether robbery is a felony and whether possession of a concealable weapon by an ex-felon is a felony. He did so in language that arguably suggests defendant had been convicted of such felonies, when that was an issue for the jury to determine. At the same time he instructed as to the requirement of proof beyond a reasonable doubt. The finding defendant had suffered a felony conviction in 1971 is to be set aside. However, as to the findings of guilt of the substantive crime charged and of the 1967 conviction, from an examination of the entire cause, including the evidence, it is our opinion the error complained of has not resulted in a miscarriage of justice. (*People* v. *Watson*, 46 Cal.2d 818, 837 [299 P.2d 243].)

Defendant attacks the validity of the sentences imposed from three different points.

1. He claims the trial judge erroneously had in mind, in imposing sentence, that defendant had two prior felony convictions instead of only one, and for that reason the judgment should be reversed and the cause remanded for resentencing.

2. ■ He claims the concurrent sentences may not both stand because of the proscription of Penal Code section 654, since it was the single possession of a sawed-off rifle that was made punishable by two different penal statutes.

The latter claim is meritorious. The case of *People* v. *Wasley*, 245 Cal. App.2d 383 [53 Cal.Rptr. 877], does not support the People's position, since the defendant there had in his possession two different weapons capable of concealment on the person, only one of which was a sawed-off shotgun. The ruling of the court in *Wasley* clearly was based upon the possession of two weapons of different types.

Similarly distinguishable in fact and principle is *People* v. *Harrison*, 1 Cal.App.3d 115, 122 [81 Cal.Rptr. 396], where the defendant was convicted of a violation of section 12021 and of the misdemeanor crime of carrying a loaded firearm in a car, and the court held section 654 inapplicable.

Likewise to be distinguished are *People* v. *Warren*, 16 Cal.2d 103 [104 P.2d 1024], and *People* v. *Moore*, 143 Cal.App.2d 333 [299 P.2d 691], where one of the crimes involved was based upon an act other than possession as such.

*People* v. *Venegas*, 10 Cal.App.3d 814 [89 Cal.Rptr. 103], held that a defendant convicted of assault with a deadly weapon with intent to commit murder, and a violation of section 12021 by possessing the firearm used in the assault, could be sentenced for only one of the convictions, following *People* v. *Burnett*, 251 Cal.App.2d 651 [59 Cal.Rptr. 652], and distinguishing *People* v. *Hudgins*, 252 Cal.App.2d 174 [60 Cal.Rptr. 176].

Here the single act made punishable by two different statutes was the illegal possession of a firearm capable of concealment upon the person. The firearm happened to be a sawed-off rifle, possession of which is penalized regardless of who may be the possessor. The possessor here happened to be one previously convicted of a felony, whose possession of a concealable firearm was punishable regardless of its being a sawed-off rifle.

His possession *qua* possession of the single weapon regarded as a sawed-off rifle did not change its quality and character when the same weapon was considered simply as a firearm capable of concealment on the person, merely because the possessor was an ex-felon. Penal Code section 654 applies.

3. ▮ Defendant claims that not only should the reference to a felony conviction in 1971 be stricken from the abstract of judgment, because the conviction in 1971 was of a misdemeanor, but also the reference to the actual 1967 felony conviction should be stricken. Defendant argues that because the latter conviction became an element of the Penal Code section 12021 violation, the penalty for that violation should not be enhanced because of the prior felony, proof of which was essential to the 12021 conviction. The argument here is based upon the analogy to the use of Penal Code sections 12022 and 3024 for enhancement of punishment of certain crimes, proof of which necessarily calls for being armed with a deadly weapon.

Penal Code section 12021, subdivision (a) declares: "Any person who is not a citizen of the United States and any person who has been convicted of a felony . . . or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison not exceeding 15 years, or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both." Since it provides no minimum punishment, the minimum would be fixed by Penal Code section 18b unless Penal Code section 3024 should be applicable. Penal Code section 18b prescribes a minimum term of six months in all felony cases where the maximum term is 15 years or less.

Penal Code section 3024 provides: "The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence:

".     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .

"(c) For a person previously convicted of a felony either in this State or elsewhere, but not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, two years; . . ."

So far as the applicability of section 3024, subdivision (c) is concerned, the question is not one of imposing additional punishment, as under Penal Code section 12022, but of increasing what may be the minimum punishment.

*In re Shull*, 23 Cal.2d 745 [146 P.2d 417], dealt with the applicability of section 12022 (then § 3 of the Deadly Weapons Act; Stats. 1923, p. 696; Act 1970, Deering's Gen. Laws) to impose additional punishment for conviction of a crime whose definition required the defendant be armed with a deadly weapon.

The court in *People* v. *Floyd,* 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862], extended the principle in holding Penal Code section 3024 inapplicable where the definition of the crime entailed the use or possession of a deadly weapon, stating at page 883: "In *People* v. *Ford,* 60 Cal.2d 772, 794 . . . . it was held on the basis of *Shull* that the increased minimum penalty of section 3024 for being armed with a deadly weapon at the time of the offense did not apply to convictions for possession of a concealable weapon by an ex-felon and for assault with a deadly weapon." There is dictum to the same effect in *People* v. *Cooper,* 256 Cal.App.2d 500, 505 [64 Cal.Rptr. 282].

In *People* v. *Ford,* 60 Cal.2d 772, 794 [36 Cal.Rptr. 620, 388 P.2d 892], the court stated: "As to count II (possession of a concealable weapon by an ex-felon) and count V (assault with a deadly weapon) this finding must likewise be stricken because the statutorily increased penalties do not apply to these offenses. [Citations.]"

There are a few other instances in the Penal Code in which a prior conviction of a felony enters into the definition of a crime or the classification of a crime as felony or misdemeanor. One of them is Penal Code section 667, which makes the crime of petty theft a felony when committed by one previously convicted of a felony. However, section 667 does not define a new and different crime of which the prior conviction is an element; the crime remains petty theft, but petty theft committed under a circumstance that makes it punishable as a felony. (*People* v. *Pierson,* 273 Cal.App.2d 130, 132 [77 Cal.Rptr. 888].)

The distinction is real; it has been held that where the offense charged is a violation of section 667 and the defendant has admitted the prior felony conviction, Penal Code section 1025 operates, and in reading the information to the jury mention of the prior conviction is forbidden. (*People* v. *Brashear,* 271 Cal.App.2d 306, 311 [76 Cal.Rptr. 485].)

*People* v. *Superior Court*, 136 Cal.App. 541 [28 P.2d 1076], cited by the Attorney General, did not involve our present problem, but held that when there has been a conviction of petty theft after a prior felony conviction, that prior conviction is such within the meaning of Penal Code section 1203 dealing with eligibility for probation.

*In re Boatwright*, 216 Cal. 677 [15 P.2d 755], dealt with the problem directly. The defendant there was convicted of petty theft after three prior convictions of felonies specified in Penal Code section 644 which in 1927 prescribed a life sentence for any felony conviction after three priors of specific felonies. The court held that the prior conviction which served to make the petty theft a felony could not be considered as one of the priors under Penal Code section 644.

However, in dealing with one convicted of possession of a concealable firearm by one previously convicted of a felony, *In re Rogers*, 20 Cal. App.2d 397, 402-403 [66 P.2d 1237], repudiated the contention Penal Code section 644 did not apply when the defendant had been thrice previously convicted of a felony because one of the convictions was essential to constitute the violation of the Firearms Act. At the same time, the court distinguished *In re Boatwright, supra*, 216 Cal. 677, with the statement that the court in *Boatwright* had determined Boatwright had been convicted of the "declared misdemeanor of 'petit theft' and not a felony."

An argument that section 12021 did not itself fix a minimum term because a ready-made minimum was to be found in section 3024 must fail, since section 12021 may be violated by one without a prior felony conviction.

The language of section 12021 gives no light upon a consistent legislative intent whether the minimum sentence served should be that under Penal Code section 18b or Penal Code section 3024, subdivision (c). That is because the section proscribes possession of the concealable weapon by a convicted felon, a narcotic addict, or an alien.[2]

If the possessor were both a convicted felon and a narcotic addict, he might be proceeded against as a narcotic addict in possession, and the prior felony conviction alleged separately under Penal Code section 969. Such a person, if convicted, could not avail himself of the argument now made by defendant, and section 3024, subdivision (c) would be applicable to him.

---

[2]Insofar as the statute penalizes the possession by a noncitizen of the United States, it has been held unconstitutional. (*People* v. *Rappard*, 28 Cal.App.3d 302 [104 Cal. Rptr. 535].)

If section 3024, subdivision (c) were held inapplicable to an ex-felon, not a narcotic addict, who might be convicted of the crime, there would be a different minimum for two persons with the same kind of record except that one was a narcotic addict. The increased minimum punishment as to the narcotic addict could not be justified on the basis of his addiction.

Although a prior conviction of a felony is not an essential element of every violation of Penal Code section 12021, just as the use of a deadly weapon is not essential to every violation of Penal Code section 245, which may be violated also by use of force capable of inflicting great bodily injury (*People* v. *Orona*, 72 Cal.App.2d 478, 485 [164 P.2d 769]), it is not unreasonable to say that the alternative element in the definition of the crime, which enters into and becomes a necessary part in the commission of that crime by a particular individual and his subsequent conviction, permits an extension of the rationale of *In re Shull*, *supra*, 23 Cal.2d 745, to the sentencing procedure for that conviction.

For lack of a logically consistent solution, we choose the pragmatic one of holding that where the prior conviction of a felony makes criminal what is noncriminal in one not a felon, the minimum sentence may not be increased because of an indispensable prior conviction.

Although the minimum sentence might not so be increased, the single prior felony conviction might be considered by the trial court under Penal Code section 1203 as to the grant or denial of probation.

Here, it is not clear that the trial judge, in denying probation and imposing sentence, believed defendant had twice previously been convicted of a felony. If he had believed there was only one such conviction, it might have made a difference.

As prayed by defendant, we reverse the judgment and remand for the pronouncement of judgment. That course will leave it open to the trial court, should it impose a sentence, to impose it either as to the conviction of a violation of Penal Code section 12021 or section 12020. The latter section carries a lesser maximum sentence than section 12021. It is conceded by defendant that a judgment imposing sentence for the section 12020 violation, and suspending execution for the section 12021 violation, could be accompanied by a finding that defendant suffered the prior felony conviction as alleged.

Brown (Gerald), P. J., and Cologne, J., concurred.