[Crim. No. 5450. First Dist., Div. Three. Oct. 5, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD CHESTER WASLEY, Defendant and Appellant.

---

384

Harold Chester Wasley, in pro. per., and Gary M. Merritt, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Robert S. Shuken, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found defendant guilty of possession of a sawed-off shotgun (Pen. Code, § 12020) and of being a convicted felon in possession of a concealable firearm (Pen. Code, § 12021). He was sentenced to concurrent prison terms on the two counts, and appeals.

At about 2 a.m. on a March day in 1965, appellant was a passenger in a car driven by one Crane. Officers in a patrol car saw the vehicle go through a red light, saw that its rear license plate was affixed by but one bolt, and had no 1964 or 1965 tab. They stopped the car. The front license plate was missing. Crane produced a driver's license bearing a description which did not at all fit him. He then produced another identification in another name, and gave confused explanations of the discrepancies. An officer noted that the trunk of the car appeared defaced, and its lock punched. An out-of-state license plate was seen partially protruding from under the front seat. The officers arrested both occupants, called a patrol wagon, and searched the car. The patrol wagon arrived while the search continued. Apparently following its arrival, the officers

found that a guitar case on the rear seat contained a sawed-off shotgun. A pistol was found under the front seat on the passenger's side. Defendant had been convicted of a felony.

Defendant testified that he did not know the guns were in the car, and Crane, who had pleaded guilty, corroborated him, saying the weapons were his.

Although the sufficiency of the evidence is not challenged, we have reviewed it and find it ample to show that appellant knew of the presence of the weapons and at least shared in their possession.

Appellant argues that there was no reasonable cause to arrest. The mere recitation of the facts disposes of the contention.

The principal argument is that the search, although incident to the arrest, was not reasonable because there is no showing that, once the occupants were arrested, there was any possibility of their using weapons or destroying evidence. We find no decision suggesting such a restriction upon search, and see no reason to add one.

Search of an automobile, substantially contemporaneous with and incident to the arrest of its occupants, is proper. It is quite true that such a search, if remote in time or place from the arrest, may cease to be incident to it (*People* v. *Burke*, 61 Cal.2d 575 [39 Cal.Rptr. 531, 394 P.2d 67]). But *Burke* struck down only a search of the locked trunk of the car, made after the vehicle had been towed away and impounded. On facts closely analogous to those before us, search of the unlocked interior of the car was held valid (*People* v. *Robinson*, 62 Cal.2d 889 [44 Cal.Rptr. 762, 402 P.2d 834]).

We conclude that the search here was entirely valid.

Appellant also argues that he has suffered double punishment for a single act, in violation of the statute (Pen. Code, § 654). But two separate weapons were possessed. The sawed-off shotgun is contraband. Its possession by anyone is a crime (Pen. Code, § 12020). The purpose is to outlaw a class of instruments (e.g., blackjack, sawed-off shotgun, metal knuckles) normally used only for criminal purposes (*People* v. *Mulherin*, 140 Cal.App. 212, 215 [35 P.2d 174]). Section 12021 has an obviously different public purpose. It bars a class of persons (aliens, convicted felons and narcotics addicts) from possession of concealable firearms. Appellant says that possession of the two weapons was a single act. It is difficult to classify possession as an ''act,'' although acquisition clearly would be. The absence of an act, however, does not dis-

pose of the issue. If possession of the two weapons were but a single "course of conduct," the double punishment proscription would apply (*Neal* v. *State of California,* 51 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839]). But that turns on whether the course of conduct is divisible, which in turn depends upon the "intent and objective of the actor." (*Neal* v. *State of California, supra.*) This record presents no suggestion of any single intent or objective in possession of the two very different weapons. Nor is the case comparable to those in which an entry for the purpose of felony and the felony resulting from that entry could not be separately punished (*People* v. *McFarland,* 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Gay,* 230 Cal.App.2d 102, 105 [40 Cal.Rptr. 778]).

Close connection in time of two acts does not alone prevent their separate punishment (*People* v. *Slobodion,* 31 Cal.2d 555, 561-563 [191 P.2d 1], reaffirmed in *Neal* v. *State of California, supra,* at p. 20). We find no reason for a different rule because the two possessions here were simultaneous.

The weapons were of distinct types. They were carried in distinct sections of the automobile. Their possession was proscribed by separate statutes, serving distinct public purposes. The fact that they were possessed at the same time by one man does not reduce that possession to a single act or a single course of conduct. Defendant's argument, logically extended, would bar separate punishments for him if he had carried in the same pocket a pistol, a bindle of heroin, and a stolen gem, separately acquired, thus violating three statutes (Pen. Code, § 12021; Health & Saf. Code, § 11500; Pen. Code, § 496). We find no basis for such an extension of the rule.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1966.