[No. A057283. First Dist., Div. Two. Aug. 13, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL PATRICK ROONEY, Defendant and Appellant.

## COUNSEL

Robert J. Spangler for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Violet M. Lee and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KLINE, P. J.—

### INTRODUCTION

Appellant Daniel Patrick Rooney appeals from a conviction for possession of a short-barreled rifle. Appellant contends that the trial court used the wrong method to measure the rifle, and that if another method had been used, the weapon would have been over the minimum legal length.

### STATEMENT OF THE CASE

By information filed on October 1, 1991, the Solano County District Attorney charged appellant, Daniel Patrick Rooney, with possession of a short-barreled rifle in violation of Penal Code section 12020, subdivision (c)(2)(B) (count 1) and with possession of an unregistered assault weapon under Penal Code section 12280, subdivision (b) (count 2). On November 27, 1991, the court granted the district attorney's motion to dismiss count 2, and amend the information accordingly. Both parties waived trial by jury, and a court trial was held on December 2, 1991. On December 13, 1991, the trial court found appellant guilty of possessing a short-barreled firearm, i.e., a rifle with an overall length of less than 26 inches. The trial court suspended imposition of sentence on February 14, 1992, and placed appellant on formal probation for three years, which required that appellant serve a nine-month jail term. A timely notice of appeal was filed on April 13, 1992.

## STATEMENT OF FACTS

On April 19, 1991, at 12:46 a.m., Deputy Francis King of the Solano County Sheriff's Department noticed an unfamiliar yellow Corvette being driven in Allendale. A little while later, Deputy King noticed that the car had stopped for no apparent reason in the middle of the road with the lights off. Deputy King asked the driver of the car, appellant Daniel Rooney, what he was doing in the area. Appellant replied that he was out to see some friends, but was unable to say what street he was on or what address he was looking for. After letting appellant drive on, Deputy King and a partner searched the area around the car, and found a black bag some 20 feet behind the car. Inside the bag Deputy King found a rifle with a folding stock, several rounds of ammunition and a telescopic sight. The bag was warm and dry, while the night was cold and wet, suggesting that the bag had only recently been placed on the ground. When appellant was arrested later that night, he did not deny that the gun had been in his possession, although he denied ownership.

The rifle in the bag was a Chinese-made AK-47 with a removable folding shoulder stock, or shoulder rest. Measured in a straight line from the end of the butt plate to the end of the flash suppressor (i.e., with the stock folded under the rifle) the rifle was 25¾ quarters inches in length. With the folding stock extended for shoulder firing, the rifle measured about 35 inches. According to testimony at the trial, the gun could be fired with the stock folded. It would, however, be dangerous to the user to fire the weapon using a telescopic sight without the stock extended.

## DISCUSSION

Penal Code section 12020[1] provides in pertinent part:

"(a)   Any person in this state who manufactures or causes to be manufactured, imports into the state, keeps for sale, or offers or exposes for sale, or who gives, lends or possesses any . . . short-barreled rifle . . . is guilty of a felony . . . .

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(c)(2)   As used in this section, a 'short-barreled rifle' means any of the following:

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

"(B)   A rifle with an overall length of less than 26 inches.

"(C)   Any weapon made from a rifle (whether by alteration, modification, or otherwise) if that weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length.

"......................................

"(c)(20)   As used in this section, a "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder ....."

Neither section 12020 nor any other section of the Penal Code specifies how a rifle is to be measured. Nor does case law answer the precise question presented by this case: Where a rifle with a folding stock would be less than the minimum legal length with the stock folded, but exceeds the legal length with the stock extended, should the weapon be measured with the stock folded or extended?

▉▉▉   In determining whether the rifle in question is prohibited by section 12020, it is appropriate to consider the purpose of the statute. (*People* v. *Stinson* (1970) 8 Cal.App.3d 497, 500 [87 Cal.Rptr. 537]; *People* v. *Grubb* (1965) 63 Cal.2d 614, 620-621 [47 Cal.Rptr. 772, 408 P.2d 100].) The article of the Penal Code of which section 12020 forms a part is entitled "Unlawful Carrying and Possession of Concealed Weapons." (Pt. 4, tit. 2, ch. I, art. 2.) A major purpose of the minimum limitations on gun lengths is to prevent possession of guns which are suitable for unlawful purposes because of their concealability and ease of handling. (*People* v. *Stinson, supra,* 8 Cal.App.3d at p. 500.) Appellant possessed a rifle which, with the stock folded, measured slightly less than the statutory lower limit of 26 inches. There is nothing in the record to suggest that, when folded, the rifle in question was any more difficult to conceal than a weapon which was short for some other reason, such as a sawed-off barrel. ▉▉▉ ▉▉ ▉▉   It would defeat the purpose of the statute to allow possession of weapons that can be concealed during part of a criminal enterprise and only extended for more reliable use when needed.[2]

▉▉▉   Appellant's main argument runs as follows. The rifle he possessed had an attachment for a telescopic sight (a scope); a scope was found with

[2]Appellant urges that because the statute does not specify the means of measurement, the court should use a measurement which finds the weapon legal, on the ground that ambiguities should be resolved in favor of the defendant. (*People* v. *Superior Court (Douglass)* (1979) 24 Cal.3d 428, 435 [155 Cal.Rptr. 704 P.2d 139]; *United States* v. *Bass* (1971) 404 U.S. 336, 347 [30 L.Ed.2d 488, 496, 92 S.Ct. 515].) However, statutes relating to dangerous weapons have been broadly interpreted in California courts, as courts look to the gravity and importance of the legislative purpose. For example, it is unlawful for felons to possess firearms even if they

the rifle; therefore the rifle was intended to be fired with a scope attached. Since it would be dangerous (to the user) to fire the rifle using the scope without the stock extended, the rifle must be measured with the stock extended. This argument is fallacious. The rifle could be fired with the stock folded, and without the use of a scope. Indeed, Deputy King, who was an expert in firearms, was unable to determine how the scope found with the gun could be attached to it.

Nor is there merit to appellant's argument that the stock must be included in the measurement of the rifle's overall length because the statutory definition of rifle refers to "a weapon . . . intended to be fired from the shoulder." (§ 12020, subd. (c)(20).) In keeping with the statutory purpose, a weapon which need not be fired exclusively from the shoulder but which readily can be is still a rifle. (*United States* v. *Rose* (10th Cir. 1982) 695 F.2d 1356 [Uzi designed for firing from hip but fitted with collapsible stock still a rifle]; *Kanarr Corporation* v. *United States* (1969) 413 F.2d 1143 [188 Ct. Cl. 1051] [grenade launcher which could be fired from shoulder counted as a rifle]; *Sipes* v. *United States* (8th Cir. 1963) 321 F.2d 174, 178.)[3]

The cases to which appellant looks for support are unpersuasive. In *People* v. *Stinson, supra,* 8 Cal.App.3d at page 500, the court held that it best met the legislative purpose of the statute to determine the "overall length" of a rifle by measuring in a single straight line, either from the tip of the barrel to the back of the stock or from the tip of the barrel to a point just above the back of the stock, rather than in two straight lines, first along the barrel and then down the long side of the stock. While *Stinson* included the stock in the measurement of the weapon, the rifle in that case had neither a detachable nor a folding stock, and was not fireable in two different configurations. That a fixed stock is included in the measurement of a conventional rifle in no way compels the conclusion that a detachable or folding stock—which can be easily moved to make the weapon concealable—must be so included. Indeed, to hold that a detachable or folding stock must be included would be

---

are inoperable (*People* v. *Thompson* (1977) 72 Cal.App.3d 1, 5 [139 Cal.Rptr. 800]); it is unlawful to possess even disassembled machine guns (*People* v. *Tallmadge* (1980) 103 Cal.App.3d 980, 988 [163 Cal.Rptr. 372]); and knowledge that a weapon is unlawful is not an element of the crime. (*People* v. *Azevedo* (1984) 161 Cal.App.3d 235, 241 [207 Cal.Rptr. 270].) "[T]he principle of lenient construction does not require a court to ignore the obvious intention of the legislature in enacting the statute." (*U.S.* v. *Drasen* (7th Cir. 1988) 845 F.2d 731, 738.)

[3] 26 United States Code section 5845(c) in pertinent part defines a rifle as "a weapon . . . intended to be fired from the shoulder . . . ." The prohibitions against short-barreled weapons in the federal criminal code (18 U.S.C. § 921(a)(7) and 18 U.S.C. § 921(a)(8)) and provisions concerning such weapons in the Internal Revenue Code (26 U.S.C. § 5845) are written in language almost identical to that of the California Penal Code, and reflect the same concerns. Both parties encourage this court to look to federal cases for guidance.

contrary to section 12020, subdivision (c)(2)(C), which includes within the definition of short-barreled rifle "any weapon made from a rifle (whether by alteration, modification, or otherwise) if that weapon has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length."

Nor may appellant derive support from cases in which a folding or detachable stock *was* included in the measurement of a firearm. In *United States* v. *Zeidman* (7th Cir. 1971) 444 F.2d 1051 and *United States* v. *Rose*, *supra*, 695 F.2d 1356, it was determined that weapons with detachable or folding stocks were rifles, despite the fact that they could be fired without the shoulder stock. These cases do not stand for the proposition that detachable or folding stocks must always be included in the measurement of a firearm, but rather that a concealable weapon which can very easily and quickly be made shoulder-fireable is illegal. To find illegal a shoulder-fireable weapon which can quickly and easily be made concealable is consistent with those rulings, and with the purpose of the law.

The judgment is affirmed.

Benson, J., and Phelan, J., concurred.