[No. F020956. Fifth Dist. Mar. 29, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILLIP VEGA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of parts 2, 3, and 4 of Discussion.

**COUNSEL**

Richard G. Rumery, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edgar A. Kerry and Robert P. Whitlock, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THAXTER, J.**—Phillip Vega appeals from the judgment entered on a jury verdict convicting him of inflicting corporal injury in violation of Penal Code section 273.5, subdivision (a).[1] The trial court imposed the three-year middle prison term and ordered him to pay a $200 restitution fine pursuant to former Government Code section 13967. Appellant raises four issues on appeal: (1) is there substantial evidence the victim was the mother of his child within the meaning of section 273.5, subdivision (a); (2) did the prosecutor commit prejudicial misconduct in closing argument which required a new trial; (3) must the matter be remanded because the court failed to determine whether he had the ability to pay the $200 fine; and (4) is he

---

[1]Further statutory references are to the Penal Code unless otherwise indicated.

entitled to four additional days of custody credit? We will direct that the abstract of judgment be corrected to reflect four additional days of custody credit and will affirm the judgment in all other respects.

FACTS

Appellant and the victim, Tina Duran, had a stormy seven-year relationship. They lived together off-and-on. They were not living together on July 23, 1993, but appellant "spent the night." According to Duran, appellant is the father of her three children. When appellant was not living with Duran, the children were supported by Aid to Families with Dependent Children (AFDC). On July 22, 1993, Duran went out, leaving the children with her brother and appellant.

About 1 or 1:30 a.m., sheriff's officers were summoned to the apartment. They found the children in the apartment with appellant, who was intoxicated and unresponsive. When the officers were unable to wake him for 10 to 15 minutes, they took the children and later released them to Duran's mother. About 3 a.m. that morning, Duran arrived home intoxicated. Appellant met her on the lawn outside, argued with her, and began to beat her about the face and head. Neighbors pulled appellant off Duran and called 911.

As a result of the beating, Duran had a severely swollen face, a bloody lip, and her left eye was almost swollen shut. She was treated at the hospital, placed in a neck brace, and released. Afterwards, her left ear drained fluid and she experienced a temporary hearing loss.

Appellant offered no evidence.

DISCUSSION

1. *There is Substantial Evidence the Victim Was the Mother of Appellant's Child Within the Meaning of Section 273.5, subdivision (a)*

When viewing a challenge to the sufficiency of the evidence to sustain a conviction on appeal, "[t]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738]; *People* v. *Jones* (1990) 51 Cal.3d 294, 314 [270 Cal.Rptr. 611, 792 P.2d 643].) If the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder. (*Ibid.*)

## Section 273.5

Appellant was convicted of violating section 273.5, subdivision (a). The section provides that any person who willfully inflicts corporal injury resulting in a traumatic condition upon a spouse, a person with whom he or she is cohabiting, or "the mother or father of his or her child," is guilty of a felony. Subdivision (d) of that section provides, "For the purpose of this section, a person shall be considered the father or mother of another person's child if the alleged male parent is presumed the natural father under Sections 7611 and 7612 of the Family Code."

■ Appellant contends there is no substantial evidence to support his conviction because Duran's testimony that appellant "is the father of [her] children" is insufficient under subdivision (d) of section 273.5 to establish that element of the offense. We disagree. Section 273.5 does not require that parentage be established by resort to the Family Code presumptions. Therefore any substantial evidence that establishes the victim is the mother or father of the defendant's child is sufficient to sustain the conviction.

### Family Code Presumptions

Family Code section 7611 provides that a man is presumed to be the natural father of a child if he meets the conditions provided in its subdivisions or in chapter 1 (commencing with Fam. Code, § 7540) of part 2.

Chapter 1 of part 2 contains Family Code sections 7540 and 7541. Family Code section 7540 sets forth the conclusive presumption of paternity: "Except as provided in Section 7541 [expert conclusions, based on blood tests, showing otherwise], the child of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be a child of the marriage."

Family Code section 7611's subdivisions set forth five situations giving rise to a rebuttable presumption of paternity: (a) birth during marriage or within three hundred days after its termination; (b) birth during an attempted marriage which is or could be declared invalid; (c) subsequent marriage to the child's natural mother and consent to be named father on the child's birth certificate or obligated to support the child under a written voluntary promise or by court order; (d) reception of the child into his home and holding out the child as his natural child; (e) acknowledgment of paternity.

Family Code section 7612 makes section 7611's presumptions rebuttable by clear and convincing evidence.

### Statutory Interpretation

The major consideration in interpreting a criminal statute is legislative purpose. We read the statute in light of the evils which prompted its

enactment and the method of control which the Legislature chose. (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Introduction to Crimes, § 22, p. 28.) Thus, in determining whether the prosecution must establish paternity pursuant to the Family Code presumptions, it is appropriate to consider the purpose of section 273.5. (Cf. *People* v. *Rooney* (1993) 17 Cal.App.4th 1207, 1211 [21 Cal.Rptr.2d 900].)

Section 273.5 was enacted to expand its predecessor section, a "wife-beating" statute (former § 273d), to protect the large numbers of couples who live in "intimate" and "significant relationships," but without marriage. (*People* v. *Wilkins* (1993) 14 Cal.App.4th 761, 771 [17 Cal.Rptr.2d 743]; *People* v. *Holifield* (1988) 205 Cal.App.3d 993, 999 [252 Cal.Rptr. 729].) The purpose of section 273.5 is to protect persons of the opposite sex in a special relationship for which society demands, and the victim may reasonably expect, stability and safety, and in which the victim, for these reasons among others, may be especially vulnerable. (*People* v. *Rodriguez* (1992) 5 Cal.App.4th 1398, 1402 [7 Cal.Rptr.2d 495].) By including "the mother or father of his or her child" within the scope of the statute, the Legislature determined that such persons are involved in a special relationship deserving of the statute's protection.

The Family Code provisions referred to in section 273.5, subdivision (d), have a different objective. Family Code sections 7611 and 7612 are part of the Uniform Parentage Act (Act). The Act was enacted to eliminate the legal distinction between legitimate and illegitimate children (*Johnson* v. *Calvert* (1993) 5 Cal.4th 84, 88 [19 Cal.Rptr.2d 494, 851 P.2d 776]), and to provide a comprehensive scheme for the judicial determination of paternity. (*Michael M.* v. *Giovanna F.* (1992) 5 Cal.App.4th 1272, 1278 [7 Cal.Rptr.2d 460].) In defining the rights of unmarried fathers, the Act distinguishes between a presumed father, as determined by the statutory presumptions, and one who is merely a biological father. (*Michael U.* v. *Jamie B.* (1985) 39 Cal.3d 787, 790 [218 Cal.Rptr. 39, 705 P.2d 362]; *In re Baby Girl M.* (1984) 37 Cal.3d 65, 71-72, fns. 4, 5 [207 Cal.Rptr. 309, 688 P.2d 918].) The unmarried father is treated differently under the Act in custody, support and adoption proceedings depending on his defined status. (See, e.g., *Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 825 [4 Cal.Rptr.2d 615, 823 P.2d 1216]; *In re Shereece B.* (1991) 231 Cal.App.3d 613, 622 [282 Cal.Rptr. 430]; *In re Tricia M.* (1977) 74 Cal.App.3d 125, 132-133 [141 Cal.Rptr. 554].) The presumed father, one who has entered into some familial relationship with the mother and child, is accorded more rights and privileges than the purely biological father. (*In re Sabrina H.* (1990) 217 Cal.App.3d 702, 708 [266 Cal.Rptr. 274].)

The domestic violence deterrent purpose behind section 273.5, by contrast, does not require such distinctions to come into play. Under the

ordinary meaning of the language used, section 273.5, subdivision (a) applies to a biological father who batters the mother of his child. Subdivision (d) expands the reach of the statute to a presumed father, that is, a man who has entered into a family relationship with the mother and child, regardless of whether he is the biological father. No purpose is served under section 273.5 by requiring the prosecution to establish in every case that the defendant is the "presumed . . . natural father under Sections 7611 and 7612 of the Family Code." The Family Code sections create presumptions to support proof that the man is the natural father of a child. But parentage can be established without resort to any presumption. (*In re Tricia M., supra*, 74 Cal.App.3d at p. 132.)

The prosecution did not need to rely on the statutory presumptions to establish the elements of the offense in this case. Duran testified appellant was the father of her three children and she received AFDC when appellant was absent from the home. Appellant offered no evidence to contradict her assertion. The testimony of one witness, if believed, is sufficient to prove any fact. (Evid. Code, § 411; *People v. Hunter* (1989) 49 Cal.3d 957, 977 [264 Cal.Rptr. 367, 782 P.2d 608].) Thus, Duran's testimony constituted substantial evidence that appellant was the father of her children within the meaning of section 273.5.

2.-4.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The trial court is directed to correct the abstract of judgment to reflect an additional 4 days of presentence custody credit, for a total of 253 rather than 249 days, and to forward the amended abstract of judgment to the Department of Corrections. In all other respects, the judgment is affirmed.

Stone (W. A.), Acting P. J., and Vartabedian, J., concurred.

---

*See footnote, *ante*, page 706.