Filed 2/14/23  P. v. Williams CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B318495 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. SA094125 |
| WONE WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Blake Armstrong, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Wone Williams pleaded no contest to domestic violence. The trial court placed Williams on probation and issued a 10-year criminal protective order safeguarding the victim. While on probation, Williams again pleaded no contest to the charge of attempted murder of the same victim. While incarcerated for this latest crime, he threatened the victim's life. At the probation violation hearing, Williams yelled and screamed when referring to the victim. The court issued a new 10-year criminal protective order and imposed prison time.

On appeal, Williams challenges only the latter protective order, arguing it exceeded the court's authority. We affirm. Statutory references are to the Penal Code.

I

In 2016, Williams pulled a pocketknife on his former girlfriend during an argument and left a five-inch laceration on her face. He was on probation at the time for a domestic violence offense against the same woman. He pleaded no contest to inflicting corporal injury on the mother of his child within seven years of a prior domestic violence offense (section 273.5, subd. (f)(1)).

The court put Williams on probation and required him to complete a 52-week domestic violence program. It issued a 10-year protective order specifying the victim as the protected person and read the order aloud to Williams. The court issued the order as a condition of probation under section 1203.097 and under section 273.5, subdivision (j). This is the 2016 protective order. It expires on December 21, 2026.

The court later learned Williams had tried to kill the same victim in 2019, again while he was on probation. Court records showed he had entered a no contest plea to attempted murder in

March 2021 in a separate case and had received a seven-year prison sentence.

The court revoked probation and held a probation violation hearing in February 2022. The victim spoke at the hearing and said Williams continued to call and threaten her. After his most recent conviction, he called from jail to say "when he gets out, he was going to set [her] on fire and watch [her] burn." She was "in total fear." He already had stabbed her 17 times.

Williams grew angry after the victim spoke at the hearing. He yelled and screamed.

The court found Williams had failed to obey all laws and had violated the conditions of his probation. It sentenced him to 16 months in state prison (consecutive to his other sentence) and issued a new 10-year protective order under sections 136.2 and 273.5, subdivision (j). (Williams does not acknowledge the former provision was a basis for the order, and the prosecution appears to view it as inapplicable.) This is the 2022 protective order. It expires on February 4, 2032.

Williams's counsel objected to this protective order. The court explained the circumstances justifying the order and stated its intent to issue a protective order for the longest term possible. Earlier the court had noted Williams's unruly behavior at the hearing and his criminal history and had agreed "he's dangerous."

## II

Williams argues the trial court exceeded its authority in issuing the 2022 protective order because the statute permits only one order for a maximum term of 10 years issued at the time of conviction and does not allow these orders to be "based solely on a violation of probation."

Williams cites no case supporting his reading of the statute, and the prosecution admits it could not locate a case on point.

We independently interpret a statute in a manner consistent with the statute's purpose. If possible, we read the statute to conform to the spirit of the act. (*People v. Delarosarauda* (2014) 227 Cal.App.4th 205, 210; see also *People v. Vega* (1995) 33 Cal.App.4th 706, 709–710 (*Vega*).)

The statute at issue provides:

> Upon conviction under subdivision (a), the sentencing court shall also consider issuing an order restraining the defendant from any contact with the victim, which may be valid for up to 10 years, as determined by the court. It is the intent of the Legislature that the length of any restraining order be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and their immediate family. This protective order may be issued by the court whether the defendant is sentenced to state prison or county jail, or if imposition of sentence is suspended and the defendant is placed on probation.

(§ 273.5, subd. (j).)

The statute requires sentencing courts to consider a restraining order against a defendant convicted of domestic violence. It does not limit this requirement to the *initial* or *original* sentencing. Nor does it prohibit a sentencing court from issuing a restraining order after a probation violation. It says nothing about successive restraining orders or situations where a defendant is sentenced more than once.

4

In this case, there were two sentencing proceedings separated by about five years. There is no apparent intent in the statute to tie the sentencing court's hands should a heightened danger persist at a later sentencing. The statute authorized the sentencing court to issue the 2022 protective order. It in fact required the court to consider such an order. This reading is consistent with the statute's purpose, which is to protect domestic violence victims and to deter this type of violence. (See *Vega, supra*, 33 Cal.App.4th at p. 710; *People v. Mora* (1996) 51 Cal.App.4th 1349, 1355 ["The Legislature's enactments reflect a societal determination that domestic violence—once viewed as a purely private matter in which the state was reluctant to interfere—will no longer be tolerated."].)

This victim needed further protection. Between the two sentencing proceedings in this case, Williams pleaded no contest to attempting to murder her. His crimes against this victim were escalating. A 52-week domestic violence program did not deter him. While incarcerated after his latest conviction, he called to threaten her life. He raged at her during the 2022 sentencing hearing.

A new 10-year protective order covering this victim was appropriate and was consistent with the seriousness of the facts here, the probability of future violations, and the victim's safety. (§ 273.5, subd. (j).)

Contrary to Williams's arguments, the 2022 protective order was not "based solely on a violation of probation." And the court's limited *sentencing* options following a probation violation do not limit the options concerning protective orders.
///

5

## DISPOSITION

We affirm the judgment.


WILEY, J.

We concur:


STRATTON, P. J.


VIRAMONTES, J.