Filed 11/16/23  P. v. Gonzalez CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DANIEL JOE GONZALEZ,<br><br>　　　Defendant and Appellant. | A165772<br><br><br>(Napa County<br>Super. Ct. No. 21CR000161) |

A jury convicted Daniel Joe Gonzalez of corporal injury to his girlfriend, Jane Doe, and misdemeanor contempt for disobeying a protective order. (Pen. Code, §§ 273.5, subd. (a), 166, subd. (c)(1); undesignated statutory references are to this code.)  The trial court sentenced Gonzalez to 10 years in prison after it denied his motion to strike a prior felony conviction under the "Three Strikes" law and imposed the upper term for his corporal injury conviction based on aggravating circumstances.  On appeal, Gonzalez argues Senate Bill No. 81 (2021–2022 Reg. Sess.) required the court to strike his prior strike conviction.  He also argues the court relied on improper aggravating circumstances and was unaware of a presumptive lower term during sentencing.  We remand for sentencing on Gonzalez's contempt conviction, but otherwise affirm.

1

## BACKGROUND

Gonzalez has a history of domestic violence. In 2017, he was convicted of corporal injury to a person with whom he had a dating relationship (§ 273.5, subd. (a)) — the mother of his child — and sentenced to four years in prison. In 2019, he began dating Doe; that November, he was convicted of assaulting her. (§ 273.5, subd. (a).) The conviction resulted in a sentence of three years in prison and a protective order, prohibiting him from having contact with Doe.

Less than three months after his release from prison, and while on post-release community supervision, Gonzalez again assaulted Doe in January 2021. He ambushed her as she was returning home from visiting family, demanded her car keys, grabbed her hair from behind, and started hitting her. When she fell to the ground, he got on top of her, grabbed her hair, and punched and kneed her in the face. She sustained several injuries, including a swollen nose, chipped teeth, and bruises to her ribs and shoulder; she had blood all over her face.

Gonzalez was charged with corporal injury to a person with whom he had a dating relationship (§ 273.5, subd. (a); count one) and contempt for violating a protective order (§ 166, subd. (c)(1); count two). In addition, the information alleged he had prior convictions for domestic violence (§ 273.5, subd. (f)), he inflicted great bodily injury upon the victim (§ 12022.7, subd. (e)), he had one prior strike (§ 1170.12, subds. (a)–(d)), and he had one prior serious felony adjudication (§ 667, subd. (a)(1)). Five aggravating circumstances were also alleged — the offense involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1); undesignated rule references are to the California Rules of

2

Court); he took advantage of his position of trust with the victim (rule 4.421(a)(11)); he engaged in violent conduct indicating a serious danger to society (rule 4.421(b)(1)); he served a prior prison term (rule 4.421(b)(3)); and his offense was committed while on post-release community supervision (rule 4.421(b)(4)).

A jury convicted Gonzalez of both counts but was unable to reach a verdict on the bodily injury enhancement allegation. Gonzalez admitted his prior domestic violence conviction and a prior strike conviction from 2006 for assault with a deadly weapon committed for the benefit of or at the direction of a criminal street gang. (§§ 245, subd. (a), 186.22, subd. (b)(1).) The trial court found the aggravating factors true.

At his sentencing hearing, Gonzalez moved to strike his prior 2006 strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497[1] because he was 17 years old at the time and the offense was less serious. The court denied the motion explaining that, despite the age of the prior strike conviction, Gonzalez since had a demonstrated pattern of violence as indicated by his three domestic violence convictions. On that basis, the court concluded Gonzalez was not outside the spirit of the Three Strikes law. In addition, the court found his conduct particularly egregious and noted his criminal history involved violent behavior towards women. After noting it previously found true the alleged aggravating factors, and weighing them against a defense expert's opinion that Gonzalez had a

---

[1] Under the Three Strikes law, sentencing requirements must be "applied in every case where the defendant has at least one qualifying" prior serious or violent felony — a strike — unless the court finds the defendant falls outside of the Three Strikes scheme. (*People v. Strong* (2001) 87 Cal.App.4th 328, 337.) The court may strike a prior felony conviction. (*People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 504.)

traumatic childhood, the court imposed the upper term of five years for the domestic violence conviction, which was doubled to ten years based on the prior strike conviction.

## DISCUSSION

Gonzalez challenges his sentence on several grounds.  We review a trial court's sentencing decision for an abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  He is required to demonstrate the decision was irrational or arbitrary.  (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.) He has not done so.

First, Gonzalez argues the trial court abused its discretion by denying his motion to strike his prior 2006 conviction due to Senate Bill No. 81. Effective January 1, 2022, that bill amended section 1385, specifying "factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)  As amended, section 1385 requires the court to dismiss "an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).)  The court must consider and afford great weight to the presence of mitigating factors — proof of one or more factors "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Id.*, subd. (c)(2).)  According to Gonzalez, this language also applies when a court considers whether to strike a prior conviction.

This argument is forfeited for failure to raise it at the sentencing hearing.  (*People v. Saunders* (1993) 5 Cal.4th 580, 589–590.)  But contrary to Gonzalez's contention, the failure to raise it did not constitute ineffective assistance of counsel.  To establish ineffective assistance, he must demonstrate his attorney's "representation fell below an objective standard of

reasonableness" "under prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 688.) Specifically, he "must show both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Cudjo* (1993) 6 Cal.4th 585, 623.)

Critically, he fails to establish prejudice. The amendments to section 1385 apply only to sentencing enhancements. (*People v. Burke* (2023) 89 Cal.App.5th 237, 242–243.) The term "enhancement" has a technical meaning — " 'an *additional term* of imprisonment added to the base term.' " (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.) The "Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense." (*Burke*, at p. 243.) Accordingly, the amended provisions regarding whether to strike sentencing *enhancements* do not apply when determining whether to strike *prior strike convictions* under the Three Strikes law. (*Burke*, at p. 244.) As such, there is no reasonable probability of a different outcome had the issue been preserved, and thus, no ineffective assistance of counsel.[2] (*People v. Holt* (1997) 15 Cal.4th 619, 703 [ineffective assistance claim fails if defendant makes an insufficient showing on either component].)

Second, Gonzalez contends the trial court erred by imposing the upper term of five years for his corporal injury conviction. Although we agree there were some errors, remand is unnecessary. The record clearly indicates the

---

[2] For the same reasons, the argument that forfeiture rules do not apply here because the trial court made its sentencing decision based on a misunderstanding of the governing legal principles also fails. (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023 [errors based on a misunderstanding of governing legal principles are reviewable despite the lack of a timely objection].)

5

court would have imposed the upper term in any event. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 467.)

Gonzalez initially argues the trial court improperly relied on aggravating circumstances because they were also elements of his corporal injury offense or the basis of sentencing enhancements — an improper dual use of facts in sentencing him. The aggravating circumstances are that he served a prior prison term; he committed the offense while on post-release community supervision; he inflicted acts that disclose a high degree of cruelty, viciousness, or callousness; the offense involved great violence; his conduct, based on a prior strike conviction and prior corporal injury conviction, indicated a serious danger to society; and he took advantage of his position of trust with the victim. According to Gonzalez, it is reasonably probable he would have had a more favorable result in the absence of these errors, requiring remand for resentencing. We disagree.

Under Senate Bill No. 567 (2021–2022 Reg. Sess.), the middle term of imprisonment for a particular offense is now the presumptive sentence. (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.) The court may only impose the upper term if it is justified by aggravating circumstances. (§ 1170, subd. (b)(2); *People v. Flores* (2022) 75 Cal.App.5th 495, 500.) The facts underlying those circumstances must have been stipulated to by the defendant or found true beyond a reasonable doubt. (§ 1170, subd. (b)(2).) A court, however, cannot use the facts for dual purposes. (*People v. Avalos* (1984) 37 Cal.3d 216, 233.) For example, it cannot use a fact constituting an element of an underlying offense to aggravate a sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 350; rule 4.420(h).) And courts are precluded from "impos[ing] an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5); rule

6

4.420(g).)  A court abuses its discretion by relying upon circumstances that "otherwise constitute an improper basis for decision." (*People v. Sandoval, supra*, 41 Cal.4th at p. 847.)

As a preliminary matter, we reject Gonzalez's request to ignore the findings the trial court made in support of the aggravating circumstances because the court failed to state they were true beyond a reasonable doubt. "In the absence of evidence to the contrary, it is presumed the court was aware of and applied the proper burden of proof." (*People v. Abdelsalam* (2022) 73 Cal.App.5th 654, 662.) That presumption applies here, and Gonzalez's brief assertion that it was more probable the court was relying on an outdated lesser standard fails to rebut it.

As to the merits, we reject Gonzalez's assertion that his prior prison term was an element of his corporal injury offense. (Rule 4.421(b)(3).) A "sentencing factor is an element of the offense if the crime as defined by statute cannot be accomplished without performance of the acts which constitute such factor." (*People v. Clark* (1992) 12 Cal.App.4th 663, 666.) Section 273.5 prohibits "willful[] inflict[ion of] corporal injury resulting in a traumatic condition upon a victim" with a specified relationship to the defendant, including a dating relationship. (*Id.*, subds. (a), (b).) A defendant convicted of such corporal injury within seven years of the previous conviction shall be punished, as relevant here, by imprisonment for two, four, or five years. (*Id.*, subd. (f).) Under that statute, Gonzalez must have a previous domestic violence *conviction* (*ibid.*); by contrast, the relied-upon aggravating circumstance was for service of a *prior prison term* (rule 4.421(b)(3)). No improper dual use occurred in relying on this aggravating circumstance. (Rule 4.420(h).)

Similarly, the aggravating finding that the offense involved acts of great violence, great bodily harm, or a high degree of cruelty, viciousness, or callousness was proper. (Rule 4.421(a)(1).) As above, that circumstance was not an element of the corporal injury offense. (§ 273.5, subd. (a).) And reliance on it was proper even though Gonzalez did not stipulate to the underlying facts. As he waived his right to a jury trial on aggravating circumstances, the court was authorized to — and did — make its finding based on the evidence presented at trial. (§ 1170, subd. (b)(2) [judge in a trial court may impose upper term when finding facts underlying aggravating circumstances true beyond a reasonable doubt].)

Moreover, that the jury failed to reach a verdict on the great bodily injury enhancement did not preclude reliance on the circumstance. It applies when the offense "involved great violence, great bodily harm, threat of great bodily harm, *or* other acts disclosing a high degree of cruelty, viciousness, or callousness." (Rule 4.421(a)(1), italics added.) Viciousness and callousness are not synonymous with great bodily harm. (*People v. Wilson* (1982) 135 Cal.App.3d 343, 357.) The "rule may be satisfied by cruel, vicious or callous acts other than those involving great violence, great bodily harm, or threat of great bodily harm." (*People v. Duran* (1982) 130 Cal.App.3d 987, 990.) Ample evidence of such acts exists here. Gonzalez attacked Doe by repeatedly punching and kneeing her in the face in the street as she cried and screamed. She sustained significant injuries to her face, teeth, ribs, and shoulder. A witness testified Gonzalez "was going at her" and "attacking her" as she screamed for help. Another witness testified Doe had blood all over her face. We have no difficulty finding substantial evidence of acts disclosing cruelty, viciousness, or callousness.

There is similarly no merit to Gonzalez's argument that the trial court improperly used his prior 2019 corporal injury conviction to aggravate his sentence. He admitted to having the prior conviction, which increased his sentence for his instant corporal injury offense. (§ 273.5, subd. (f).) But he also had additional prior corporal injury convictions upon which the court could rely in assessing aggravating factors. Indeed, the court expressly relied on the certified rap sheet admitted into evidence reflecting a 2016 domestic violence conviction. After viewing the rap sheet as well as the evidence presented at trial, the court found Gonzalez engaged in violent conduct indicating a danger to society. Relying on a prior conviction to sentence Gonzalez under section 273.5, subdivision (f) and other prior convictions to impose the upper term was proper.

Nor was there any impropriety in the trial court's use of Gonzalez's prior strike conviction. The elements of the corporal injury offense did not include a prior adjudication for a strike offense. (§ 273.5, subds. (a), (f).) And as previously discussed, use of the strike conviction under the Three Strikes law does not constitute an "enhancement." Thus, relying on the prior strike conviction was not an improper dual use of that fact to aggravate Gonzalez's sentence.

The parties agree, however, that the trial court erroneously used Gonzalez's dating relationship with Doe to support its finding in aggravation that he took advantage of a position of trust or confidence to commit this offense. (Rule 4.421(a)(11).) We agree as well. Section 273.5 protects victims with whom defendants are in dating relationships. It is intended to protect persons in a special relationship "for which society demands, and the victim may reasonably expect, stability and safety, and in which the victim, for

9

these reasons among others, may be especially vulnerable." (*People v. Vega* (1995) 33 Cal.App.4th 706, 710.)  By relying on Gonzalez taking advantage of a position of trust to commit the offense to impose an upper term, the court improperly made dual use of the same facts.  (*People v. Avalos*, *supra*, 37 Cal.3d at p. 233.)

But remand is unnecessary because the error was harmless.  "When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (*People v. Price* (1991) 1 Cal.4th 324, 492.)  A reasonable probability of a more favorable result exists where the improper factor was determinative for the sentencing court or where the reviewing court cannot determine whether the improper factor was determinative.  (*People v. Avalos*, *supra*, 37 Cal.3d at p. 233.)  Here the trial court imposed the upper term for a variety of valid reasons — Gonzalez had prior domestic violence convictions and a prior strike adjudication; he violated post-release community supervision when committing his underlying offense and served a prior prison term; the offense was of great violence and demonstrated a high degree of cruelty, viciousness, or callousness; and he engaged in violent conduct demonstrating a danger to society.  Given the reliance on these aggravating factors, it "seems clear that the improper dual use of facts was not determinative." (*Ibid.*)

Gonzalez next argues the trial court was not aware of section 1170's presumption that defendants may be entitled to a lower term if they have childhood trauma that was a contributing factor to the commission of their offenses.  We agree.  Remand, however, is unnecessary.

10

Courts must impose the lower term if certain identified circumstances — including that the defendant experienced psychological or childhood trauma — were a contributing factor in the commission of the offense. (§ 1170, subd. (b)(6)(A).) Imposing this lower term is not required in every case in which a defendant has experienced childhood trauma. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) The presumption does not apply if the court finds the aggravating circumstances outweigh the mitigating circumstances and imposing the lower term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).) The court is required to exercise its discretion in determining whether to impose the presumptive low term. (*Flores*, at p. 1039.) When reviewing a court's failure to expressly apply this lower term presumption, "the record must 'affirmatively' show" the court's compliance with the statutory mandate only if there has been an initial showing defendants' childhood trauma was a contributing factor to their offenses. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991–992.)

Gonzalez made such a showing here. (*People v. Fredrickson*, *supra*, 90 Cal.App.5th at pp. 991–992.) Gonzalez's sentencing brief noted he was "marred by mental and physical abuse by his mother and stepfather." An expert's report found he had significant psychosocial trauma from an early age — such as his stepfather and mother hitting him often — and those experiences influenced his subsequent behavior as an adolescent and adult. According to the expert, Gonzalez experienced virtually all categories of known adverse childhood experiences, supporting the conclusion that this early trauma adversely and significantly affected his mental health and behavior. Based on that opinion, Gonzalez argued this trauma was relevant to the fact that the vast majority of his criminal record consists of physical assaults. During the sentencing hearing, his counsel urged the court to

impose the lower term given his childhood trauma.  Accordingly, there was an explicit indication that trauma contributed to the commission of the offense.  (*Fredrickson*, at pp. 989, 994.)  Despite this showing, nothing in the record indicates the court assessed whether the presumption applied or whether imposing the lower term would be contrary to the interests of justice. (*Id.* at p. 991.)

Nevertheless, remand is not required.  Where a court was apparently unaware of the scope of its discretionary powers, the remedy is to "remand for resentencing *unless* the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391, italics added.) In making its sentencing decision — setting forth the facts and reasons for choosing the sentence — the trial court explained Gonzalez had an extensive record of antisocial and violent behavior, particularly towards women. (§ 1170, subd. (b)(5) [requiring court to identify on the record facts and reasons for choosing sentence imposed].)  And unlike other cases involving young offenders, the court noted Gonzalez's criminal conduct had not diminished with age.  The court weighed the aggravating factors that it previously had found true — the offense involved great violence; he inflicted acts that disclose a high degree of cruelty, viciousness, or callousness; his conduct indicated a serious danger to society; he served a prior prison term; and his offense was committed while on post-release community supervision — against the mitigating factor of Gonzalez's childhood trauma. Given this weighing, the record clearly indicates the court would have imposed the upper term even if it had been aware of its discretion under section 1170 because the aggravating circumstances outweighed the mitigating circumstances.  (*Gutierrez*, at p. 1391.)

Finally, the parties agree — as do we — the case should be remanded for sentencing on Gonzalez's misdemeanor contempt conviction (§ 166, subd. (c)(1).) The record does not reflect the trial court sentenced Gonzalez on that count. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1469.) Due to this omission, we remand for sentencing on the contempt conviction. (*People v. Taylor* (1971) 15 Cal.App.3d 349, 353.)

## DISPOSITION

We remand for the trial court to impose a sentence for Gonzalez's contempt conviction. The judgment is otherwise affirmed.

_____

Rodríguez, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Petrou, J.

A165772