Filed 10/30/25  P. v. Alexander CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C101640 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20210004697) |
| v. | |
| LEVI ALEXANDER, | |
| Defendant and Appellant. | |

A jury found defendant Levi Alexander guilty of 18 counts of child sexual abuse, all but one involving his minor daughter (victim).  The trial court found true various aggravating factors in a bifurcated bench trial and sentenced defendant to 75 years in prison.

On appeal, defendant contends:  (1) there was insufficient evidence of duress to support his forcible sex offenses convictions; and (2) two of the convictions for a lewd act upon a child of 14 or 15 years must be reversed because there was insufficient evidence that victim was under 16 years old at the time of the crimes.

1

The People concede as to defendant's second contention and ask us to modify the verdicts to the lesser included and affirm as modified.

We reject defendant's first contention and accept the People's concession as to the second. We reduce defendant's two convictions for lewd act upon a child of 14 or 15 years to the lesser included offense of oral copulation with a minor and remand for a full resentencing. The judgment is affirmed in all other respects.

Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Abuse*

Victim never knew her mother and was primarily raised by defendant. Defendant and victim lived with victim's younger brother (brother), whom victim took care of from a young age and considered a son.

Defendant physically and emotionally abused victim for "as long as [she] c[ould] remember." He "always seemed like he was mad" and when he was upset, he would kick, spit on, or punch victim. When victim was seven or eight years old, brother fell out of the crib and broke his arm. Defendant blamed victim, yelled at her, and kicked her. When victim was in sixth grade, defendant smacked victim down on the ground and slapped her because she did not get ready fast enough. Defendant once hit victim because she did not make his bed up to his standards; another time, defendant hit victim's head because she dropped a bottle of barbecue sauce. Defendant also hit brother for dropping a football or for not running fast enough and once banged brother's head against a cabinet door because brother could not get the toothpaste out of the tube. According to brother, defendant's physical abuse of him and victim occurred on a weekly basis.

Defendant did not allow victim to speak to people or see her friends outside of school. After defendant's mother tried to stop him from physically abusing victim, defendant also prevented her from seeing the children.

2

Defendant first exposed his penis to victim when she was 14 years old and soon started molesting victim daily. He would touch victim's breasts and make her sit on him; he also touched and twice digitally penetrated victim's vagina while she was taking a shower; and he commonly requested victim to "grind" on him, sometimes "naked, skin to skin, vagina to penis." When no one else was home, he regularly made victim watch pornography with him and touch his penis and would at times touch and lick victim's vagina or digitally penetrate victim. Defendant also asked victim to have sex with him and to let him insert the tip of his penis in her vagina but stopped the advances when victim refused.

Defendant never directly threatened victim to comply with the sexual abuse or used force on victim. But victim and brother "had so much fear over" defendant because "he just controlled [their] lives" and "[t]here was no fighting back, no overpowering, nothing like that." Victim felt "whatever [defendant] wanted, [she] just had to do" because she feared defendant would get upset and take his anger out on brother. Defendant would give victim marijuana after he molested her. Smoking marijuana was victim's motivation to "get it over with," was "the only time [she] would be in a different place," and was "the only . . . thing [she] c[ould] do."

B.     *Verdict and Sentencing*

As to offenses involving victim, the jury found defendant guilty of five counts of oral copulation by duress of a minor 14 years or older (§ 287, subd. (c)(2)(C)), three counts of digital penetration by duress (§ 289, subd. (a)(1)(C)), seven counts of a lewd or lascivious act on a child 14 or 15 years (§ 288, subd. (c)(1)), and one count of rape by duress (§ 261, subd. (a)(2)). Two of the lewd act counts involved oral copulation on victim. It also found defendant guilty of committing a lewd or lascivious act on his former girlfriend's daughter (§ 288, subd. (a)).

In a bifurcated trial, the trial court found true beyond a reasonable doubt the following aggravating factors: the victims were particularly vulnerable, defendant took

3

advantage of a position of trust to commit the crimes, the manner in which the crimes were carried out indicated planning or sophistication, and defendant had engaged in violent conduct that indicated a serious danger to society. (Rules of Court, rules 4.421(a)(3), (8), (11), (b)(1).)

The trial court sentenced defendant to 75 years in prison, consisting of consecutive terms of 2 years on the lewd act count involving his former girlfriend's daughter, 8 years each on the oral copulation and digital penetration counts, and 9 years on the rape count, and concurrent terms of 2 years on the lewd act counts involving victim.

Defendant timely appeals.

## DISCUSSION

### I

### *Duress*

Defendant contends there was insufficient evidence of duress to support the oral copulation, digital penetration, and rape convictions. We disagree.

A.      *Applicable Laws*

"Duress" has been defined as "a direct or implied threat of force, violence, danger, hardship or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to (1) perform an act which otherwise would not have been performed or, (2) acquiesce in an act to which one otherwise would not have submitted." (*People v. Pitmon* (1985) 170 Cal.App.3d 38, 50, overruled on another ground by *People v. Soto* (2011) 51 Cal.4th 229, 248, fn. 12.) This definition has been applied to forcible oral copulation and forcible sexual penetration. (*People v. Leal* (2004) 33 Cal.4th 999, 1004-1005.) But "duress" as applied in forcible rape does not include the threat of hardship. (*Id.* at p. 1008; § 261, subd. (b)(1).)

" 'The very nature of duress is psychological coercion. A threat to a child of adverse consequences . . . may constitute a threat of retribution and may be sufficient to establish duress, particularly if the child is young and the defendant is her parent. We

4

also note that such a threat also represents a defendant's attempt to isolate the victim and increase or maintain her vulnerability to his assaults.' " (*People v. Veale* (2008) 160 Cal.App.4th 40, 48.) "The fact that the victim testifies the defendant did not use force or threats does not preclude a finding of duress. [Citation.] When the victim is young and is molested by her father in the family home, duress will be present in all but the rarest cases." (*People v. Thomas* (2017) 15 Cal.App.5th 1063, 1072-1073.) But "the legal definition of duress is objective in nature and not dependent on the response exhibited by a particular victim." (*People v. Soto, supra*, 51 Cal.4th at p. 246.)

In a sufficiency of the evidence review, we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Guiton* (1993) 4 Cal.4th 1116, 1126.) We must "indulge reasonable inferences that the trier of fact might have drawn from the evidence" and "accept the fact finder's resolution of conflicting evidence," and we do not reweigh the evidence. (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1008.)

B.      *Discussion*

Here, the totality of the evidence when viewed objectively and in the light most favorable to the judgment is sufficient to show duress. Defendant was the only parent in victim's life. Victim had great fear of defendant. She learned from an early age that even the smallest deviation from defendant's demands would lead to physical abuse of her or brother. She felt she had no choice but to comply with defendant so she could protect herself and brother. Defendant also isolated victim from her school friends and prevented his mother from seeing victim and brother once his mother tried to stop the abuse. It is true that victim was a teenager when the sexual abuse started, "and it is evident it would take less to psychologically coerce an elementary school student than it would to coerce a high school student." (*People v. Torres* (2024) 107 Cal.App.5th 513, 537.) But victim

5

was "still a minor and still vulnerable to manipulation and coercion by adults and parental figures." (*Ibid.* [finding substantial evidence of duress even though the victim was near adulthood].) This is particularly true given the evidence that victim walked on eggshells her whole life to avoid defendant's abuse. The jury could have reasonably found that defendant's continual beatings of victim and brother constituted an implied threat of violence or danger sufficient to coerce a reasonable person of ordinary susceptibilities to submit to defendant's sexual abuse. (*People v. Thomas, supra*, 15 Cal.App.5th at p. 1073.)

Defendant contends no evidence shows the physical abuse continued into victim's teenage years when the sexual abuse started. But victim testified that the physical abuse was ongoing throughout her life and brother stated that defendant hit them weekly. Victim's and brother's testimonies constitute substantial evidence that defendant physically abused victim when she was a teenager. (*People v. Vega* (1995) 33 Cal.App.4th 706, 711 ["The testimony of one witness, if believed, is sufficient to prove any fact"].)

Defendant further asserts that no coercion existed because victim testified that he had never threatened her and that he stopped his sexual advances on victim once she refused. He also claims that victim was motivated to engage in sex acts with him because she could smoke marijuana after. But "the victim's testimony must be considered in light of her age and her relationship to the defendant." (*People v. Cochran* (2002) 103 Cal.App.4th 8, 14, overruled on another ground by *People v. Soto, supra*, 51 Cal.4th at p. 248, fn. 12.) As explained, the jury could have inferred from the evidence that a reasonable person in victim's position would submit to defendant out of fear. It is true that victim's successful refusal of defendant's sexual advances might conflict with the existence of fear, but the jury has resolved that conflict against defendant and we must accept this resolution. (*Conservatorship of O.B., supra*, 9 Cal.5th at p. 1008; see also *People v. Veale, supra*, 160 Cal.App.4th at pp. 46-47 [finding duress even though the

victim rejected the defendant twice, because the evidence showed she feared the defendant and worried that the defendant would kill her or her mother if she reported the abuse].) We also accept the jury's finding that smoking marijuana after the sex acts did not diminish victim's fear of defendant, particularly in light of victim's testimony that "the only time [she] would be in a different place was when [she] was high."

Defendant's reliance on *People v. Espinoza* (2002) 95 Cal.App.4th 1287 is misplaced. The court there found insufficient evidence of duress because no evidence showed that the child's fear of the defendant was based on anything other than the defendant's continued molestation of her. (*Id.* at p. 1321.) Evidence here shows victim's fear of defendant was based on his physical abuse of her and brother throughout her life.

## II

### *Lesser Included Offense*

Defendant contends the two lewd act convictions involving oral copulation on victim must be reversed because there is insufficient evidence showing the oral copulation occurred when victim was 14 or 15 years old. The People concede but argue we should modify the verdicts to reflect a lesser included offense of oral copulation with minor. We modify the judgment and remand for a full resentencing.

A.    *Additional Background*

Victim initially testified that defendant did not orally copulate her before she turned 16 years old because the oral copulation happened in their second apartment. But she later confirmed she was 15 years old at the second apartment for "a little bit of time."

B.    *Discussion*

"A defendant may be convicted of an uncharged crime if, but only if, the uncharged crime is necessarily included in the charged crime." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) "We have applied two tests in determining whether an uncharged offense is necessarily included within a charged offense: the 'elements' test and the 'accusatory pleading' test. Under the elements test, if the statutory elements of

7

the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.  Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former."  (*Id.* at pp. 1227-1228.)

Section 288, subdivision (c)(1) provides that a person who commits a lewd act upon a child of 14 or 15 years with the intent of sexual gratification and who is at least 10 years older than the child is guilty of a crime.  Section 287, subdivision (b)(1) prohibits any person from participating in an act of oral copulation with another person who is under 18 years of age.  A lewd or lascivious act includes oral copulation.  (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1195, overruled on another ground in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888.)

The elements test is satisfied here.  Both sections prohibit oral copulation with a child under 18 years of age.  Section 288, subdivision (c)(1) additionally requires that the child be 14 or 15 years old, that the perpetrator acted with the intent of sexual gratification, and that the perpetrator is at least 10 years older than the child.  Thus, the statutory elements of section 288, subdivision (c)(1) include the statutory elements of section 287, subdivision (b)(1).

Defendant does not dispute that the trial court instructed the jury on oral copulation with a minor.  But he contends that because section 288, subdivision (c)(1) applies only to sex acts with 14- or 15-year-olds, it does not proscribe oral copulation with a minor 16 years or older and thus is not a greater offense.  He misunderstands the concept of a lesser included offense.  A greater offense necessarily includes a lesser offense "such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117.)  Because one cannot commit a lewd act with a 14- or 15-year-old child by oral copulation without also committing oral copulation with a child under 18 years of age, the latter is a lesser included offense of the former.  Indeed, after reviewing the punishments in sections 287 and 288, our Supreme

8

Court concluded section 287, subdivision (b)(1) "functions as the primary offense (as opposed to being a lesser included offense) in only two instances" that do not apply here. (*People v. Hofsheier, supra*, 37 Cal.4th at pp. 1194-1195.)

"Where . . . the appellate court finds there is insufficient evidence to support a conviction for a greater offense, we may modify the judgment of conviction to reflect a conviction for a lesser included offense." (*People v. Ellis* (2025) 108 Cal.App.5th 590, 601.) We accordingly modify the judgment to reduce the two convictions for a lewd act upon a child of 14 or 15 years to oral copulation with a minor. We further remand the matter for a full resentence as to all counts. (*Ibid.*) Defendant contends an outright reversal is proper, citing *People v. Meija* (2007) 155 Cal.App.4th 86. But the court there rejected the reduction because it could not establish that the acts occurred within the statute of limitation of the lesser included offense. (*Id.* at p. 97, fn. 3.) Defendant does not argue the same statute of limitation problem occurred here.

DISPOSITION

Defendant's convictions for committing a lewd act upon a child aged 14 or 15 years by oral copulation are reduced to the lesser included offense of oral copulation with a minor.  In all other respects, the judgment is affirmed.  The matter is remanded to the trial court for a full resentencing as to all counts.


                                        /s/
                                        MESIWALA, J.


We concur:



 /s/
HULL, Acting P. J.



 /s/
RENNER, J.


10